1  LINDA A. TRIPOLI, ESQ. (SBN 100389)
   Attorney at Law
2  One Blackfield Drive, No. 403
   Tiburon, California 94920
3  Telephone: (415) 380-8822
   Facsimile:  (415) 380-8868
4  E-mail: linda@tripolilaw.com

5  Attorney for Defendant
   EAST BAY REGIONAL PARK DISTRICT
6                                                    E-filing
7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11
                                      CV    08          2827
12  GABE DELFRE,                            Case No.:

13
           Plaintiff,                       **NOTICE OF REMOVAL OF ACTION**
14  v.                                      **UNDER 28 U.S.C. § 1441(b) (FEDERAL**
                                            **QUESTION)**
15  EAST BAY REGIONAL PARK DISTRICT         Complaint Filed
    (EBRPD) and DOES 1 to 30,               in Superior Court: May 5, 2008
16
17         Defendants.                      Complaint Served: N/A

18                                          Removal Filed: June 6, 2008

19

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21         PLEASE TAKE NOTICE that Defendant EAST BAY REGIONAL PARK DISTRICT,

22  hereby removes to this Court the state court action described below.

23         1.    On May 5, 2008, an action was commenced in the Superior Court of the State of

24  California in and for the County of Alameda, entitled *Gabe Delfre v. East Bay Regional Park*

25  *District (EBRPD and Does 1 to 30* attached hereto as Exhibit A.

26         2.    On May 8, 2008, Defendant EAST BAY REGIONAL PARK DISTRICT

27  received a copy of the Complaint, which has not yet been served on Defendant.

28

1

**JURISDICTION**

2      3.      This action is a civil action of which this Court has original jurisdiction under

3   28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant EAST BAY

4   REGIONAL PARK DISTRICT pursuant to the provisions of 28 U.S.C. § 1441(b), in that the

5   First Cause of Action in the Complaint for "Discrimination Based on Disability" alleges that

6   Defendant failed and refused to reasonably accommodate Plaintiff's medical disabilities.

7   (Complaint ¶8 of First Cause of Action)  Plaintiff's First Cause of Action for "Discrimination

8   Based on Disability" also alleges that Defendant discriminated and retaliated against Plaintiff

9   based on his physical, mental and medical disabilities.  (Complaint ¶9 of First Cause of Action)

10  Plaintiff's First Cause of Action for "Discrimination Based on Disability" alleges violation of

11  the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.;* Complaint ¶12 of First

12  Cause of Action).

13     4.      In addition, this action is a civil action of which this Court has original

14  jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by

15  Defendant EAST BAY REGIONAL PARK DISTRICT pursuant to the provisions of 28 U.S.C.

16  § 1441(b), in that the Second Cause of Action in the Complaint for "Discrimination Based on

17  Ethnicity" alleges that Defendant discriminated and retaliated against Plaintiff based on his

18  Italian ancestry, heritage, national origin, and ethnicity in violation of the United States

19  Constitution, Fourteenth Amendment and the Civil Rights Act of 1964 (Title VII of the Civil

20  Rights Act of 1964, 42 U.S.C. §§2000e – 2000e17; Complaint ¶8 of the Second Cause of

21  Action)

22     5.      To the extent that the Complaint alleges claims and/or causes of action other than

23  violations of law arising under the laws of the United States, said causes of action may be

24  removed and adjudicated by this Court under its supplemental jurisdiction pursuant to 28 U.S.C.

25  § 1441, *et seq.*

26     6.      This Notice of Removal is being filed within the 30 days after the receipt by the

27  Defendant of a copy of the Complaint, and is timely filed under 28 U.S.C. § 1446(b).

28

1

**INTRADISTRICT ASSIGNMENT**

2       7.     This Notice of Removal is being filed in the San Francisco Division which is a

3   proper division under Civil Local Rule 3 – 2 (d) given that the action is being removed from

4   Alameda County Superior Court.

5   Dated: June 6, 2008               LINDA A. TRIPOLI
                                 Attorney at Law

6

7

8                                   Attorney for Defendant
                                EAST BAY REGIONAL PARK DISTRICT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  A

May 05 08 02:04p    DAVID L. AXELROD    209 533-8218

*6504380*

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
DAVID L. AXELROD, State Bar No. 138790,
SIERRA LAW OFFICE OF DAVID L. AXELROD,
91 No. Washington Street, Suite B,
Sonora, CA 95370

TELEPHONE NO: (209) 533-4270    FAX NO. *(Optional)*: (209) 533-8218
E-MAIL ADDRESS *(Optional)*: sierralaw@gmail.com
ATTORNEY FOR *(Name)*: Plaintiff Gabe Delfre

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street,
MAILING ADDRESS: 1225 Fallon Street,
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Civil Division - General Jurisdiction

PLAINTIFF: GABE DELFRE

DEFENDANT: EAST BAY REGIONAL PARK DISTRICT (EBRPD)

[X] DOES 1 TO 30

COMPLAINT-Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number)*:

Type *(check all that apply)*:
[ ] MOTOR VEHICLE    [X] OTHER *(specify)*:  Discrimination, Termination
   [ ] Property Damage    [ ] Wrongful Death
   [ ] Personal Injury    [X] Other Damages *(specify)*:
      Harassment, Distress, Breach of Public Policy and Contract

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded    [ ] does not exceed $10,000
                      [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:
RG 08385767

FILED
ALAMEDA COUNTY
MAY 0 5 2008
CLERK OF THE SUPERIOR COURT
By _____
              Deputy

BY FAX

1. Plaintiff *(name or names)*: GABE DELFRE

alleges causes of action against defendant *(name or names)*: EAST BAY REGIONAL PARK DISTRICT (EBRPD)

2. This pleading, including attachments and exhibits, consists of the following number of pages.

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007] ESSENTIAL FORMS

COMPLAINT-Personal Injury, Property
Damage, Wrongful Death

Judicial Council Procedure § 425.12
www.essentialforms.com

DELFRE v. EAST BAY REGIONAL PARK DISTRICT

SHORT TITLE:
GABE DELFRE v. EAST BAY REGIONAL PARK DISTRICT (EBRPD)

CASE NUMBER

PLD-PI-001

4. ☐ Plaintiff *(name)* ·
   is doing business under the fictitious name *(specify)*

and has complied with the fictitious business name laws

5. Each defendant named above is a natural person

a. ☑ except defendant *(name)* .
   **EAST BAY REGIONAL PARK DISTRICT**

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* ·

   (4) ☑ a public entity *(describe)* :
   Special district maintaining regional parks in Northern California.
   (5) ☐ other *(specify)* .

c. ☐ except defendant *(name)*

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* .

   (4) ☐ a public entity *(describe)* ·

   (5) ☐ other *(specify)* ·

b. ☐ except defendant *(name)* .

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*

   (4) ☐ a public entity *(describe)* .

   (5) ☐ other *(specify)* .

d. ☐ except defendant *(name)* ·

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* .

   (4) ☐ a public entity *(describe)* ·

   (5) ☐ other *(specify)* .

☐ Information about additional defendants who are not natural persons is contained in Attachment 5

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers)*: 1 through 15 were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers)* 16 through 30 are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☑ Plaintiff is required to comply with a claims statute and
   a. ☑ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

[Form approved New January 1, 2007]

ESSENTIAL FORMS™

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Page 2 of 3

DELFRE v. EAST BAY REGIONAL PARK DISTRICT
10576660.tiff - 5/5/2008 3:09:01 PM

May 05 08 02:04p       DAVID L. AXELROD       209 633-8218       p.5

PLD-PI-001

SHORT TITLE.
GABE DELFRE v. EAST BAY REGIONAL PARK DISTRICT (EBRPD)

CASE NUMBER

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify)*:
       Discrimination Based on Disability; Discrimination Based on Ethnicity; Harassment and Retaliation; Wrongful Termination Against Public Policy; Denial of Administrative Due Process; Breach of Employment Contract; Breach of Settlement Agreement; General Negligence.

11  Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*.
       Aggravation of disabilities for which Plaintiff was entitled to reasonable accommodation, added costs of medical examination and trea pharmaceutical expenses, costs of physical and occupational therapy and counseling, partial disability, psychological damages arising from discrimination and failure to accommodate disability, emotional distress, mental anguish, anxiety, humiliation, denial of due process, harm to harassment and retaliation, loss of self-esteem, loss of recreational and financial opportunities, loss of potential and prospective incom benefits, loss of career standing, damage to personal and professional reputation, inconvenience, costs of court, and other legal expense

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13  The relief sought in this complaint is within the jurisdiction of this court.

14  Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable, and for
   a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15  ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*

Date.   May 1, 2008

DAVID L. AXELROD, Attorney for the Plaintiff
(TYPE OR PRINT NAME)

▶

SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]
☐ Essential Forms ™

**COMPLAINT-Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

DELFRE v. EAST BAY REGIONAL PARK DISTRICT

| | |
|---|---|
| DELFRE v. EAST BAY REGIONAL PARK DISTRICT, et al. | Case No. |

## GENERAL ALLEGATIONS

The Plaintiff, GABE DELFRE, alleges as follows:

1. Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by reference, all facts and conclusions set forth in the foregoing and other paragraphs of this Complaint, including all causes of action attached thereto, as though fully set forth herein.

2. Plaintiff GABE DELFRE (hereinafter referred to as the "Plaintiff") was at all relevant times herein mentioned, a resident of the East San Francisco Bay Counties of Alameda and/or Contra Costa Counties, respectively, in the State of California, and was an employee, or former employee, of the Defendant, EAST BAY REGIONAL PARK DISTRICT (EBRPD), hereinafter referred to as the "District" or "EBRPD."

3. Defendant EAST BAY REGIONAL PARK DISTRICT (hereinafter the "District") is, and at all times herein mentioned was, a public agency in the State of California, specifically, a special district, with a headquarters, main office and principal place of business in Alameda County, California, operating, maintaining and administering regional parks in and around the East Bay region of the San Francisco Bay Area of central Northern California. At all relevant times, the District operated within the meaning and jurisdictional coverage of Title VII of the Civil Rights Act of 1964, and Title I of the Americans with Disabilities Act of 1990.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 30, inclusive, and therefore sues these Defendants by such

6

DAVID L. AXELROD, Attorney at Law
51 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4270

1    fictitious names.    Plaintiff will amend the complaint to allege their true names and

2    capacities when ascertained. Plaintiff is informed and believes and thereon alleges that the

3    fictitiously named Defendants, and each of them, are responsible in some manner for the

4    occurrences herein alleged, and that Plaintiff's losses as herein alleged were proximately

5    caused by said Defendants' actions.

6         5.    Plaintiff is informed and believes and thereon alleges that at all relevant

7    times said Defendants, and each of them, were acting within the scope and course of his or

8    her agency and employment.

9         6.    Plaintiff GABE DELFRE was first employed by the District on or about July

10   12, 1986. Plaintiff was hired into a permanent position on or about February 8, 1988, and

11   thereafter faithfully served the agency for more than twenty years.

12        7.    On or about March 23, 2007, the District wrongfully terminated the

13   Plaintiff's employment with and for the District, against public policy, and involuntarily

14   discharged Plaintiff from his gainful employment

15        8.    In order to continue his gainful employment with the District, Plaintiff was

16   obliged or coerced to accept a purported agreement on or about April 20, 2007, an

17   adhesion contract styled a "Last Chance Agreement." Following a pattern of abuse and

18   harassment through disciplinary actions unjustly imposed upon Plaintiff beginning in

19   August 2006, Plaintiff reluctantly signed the so-called "Last Chance Agreement" under

20   administrative and economic hardship and duress.

21        9.    Thereafter, the District continued to harass and retaliate against Plaintiff by

22   unjustly penalizing him for acts or omissions for which he was not personally responsible

23                                              7
DAVID L AXELROD, Attorney at Law
81 No. Washington Street, Suite B
Sonora, CA 95470
(209) 533-8270

24        —

1   or that were objectively extremely minor and not customarily subject to discipline and, by

2   means of a letter dated July 26, 2007, terminated Plaintiff effective August 2, 2007.

3        10.    On or about August 30, 2006 the District commenced and continued to

4   impose disciplinary actions against Plaintiff for involuntary physical reactions to certain

5   physical, mental and medical conditions, including but not limited to a condition diagnosed

6   as sleep apnea, that Plaintiff had brought to the District's attention, both directly and

7   indirectly, and through his qualified health-care providers.

8        11.    On August 30, 2006, Plaintiff was issued a letter of reprimand by Park

9   Supervisor BILL NICHOLS for an incident which occurred on August 23, 2006. On that

10   date, Plaintiff was allegedly discovered asleep or unconscious in Plaintiff's park pick-up

11   truck by BILL NICHOLS and acting Shoreline Unit Manager ANNE ROCKWELL,

12   directly outside the entrance to the park maintenance yard, in full open view.

13        12.    Although BILL NICHOLS indicated that he had to physically shake

14   Plaintiff to awaken him, he allowed Plaintiff to drive off after asking him if he was "good

15   to go." Plaintiff did not, at that time, possess a medical or mental condition adequate to

16   give a coherent answer to the question, and should have been sent home. A short time

17   later, Plaintiff lost consciousness again. Both of the instances of sleep, or loss of

18   consciousness, were cited in the letter of reprimand referred to above.

19        13   On or about August 30, 2006, Plaintiff was simultaneously issued a second

20   letter of reprimand for two alleged driving complaints. One of the complaints was from

21   one and a half (1.5) years prior to the letter, and no specific date was provided for its

22   alleged occurrence. The letter only stated that the incident allegedly occurred in the

23   DAVID AXELROD, Attorney at Law
81 No. Washington Street, Suite H
Sonora, CA 95470
(209) 533-4270

8

24

1    "summer of 2005." The other driving complaint was alleged to have occurred on June 28,

2    2006. When Plaintiff's labor union representatives, from AFSCME Local No. 2428,

3    requested information to support the validity, basis or existence of either complaint, the

4    District failed or refused to provide such information. Hence, no investigation of the

5    allegations independent of the District was ever permitted to occur.

6       14. On August 31, 2006, Plaintiff self-reported to BILL NICHOLS that a

7    woman had made a remark to him that he may have been dozing. Plaintiff had no

8    recollection to that effect, but having become concerned that there might be something

9    medically wrong with him, in an act of good faith and honesty, relayed the report.

10      15. Thereafter, also on August 31, 2006, Plaintiff was sent home by BILL

11   NICHOLS. Plaintiff told his supervisor, BILL NICHOLS, that Plaintiff would see his

12   doctor the next day. Mr. NICHOLS then provided Plaintiff with some documents for the

13   doctor to review along with a letter stating his concern for Plaintiff's safety with respect to

14   the incidents of sleep or unconsciousness and directing Plaintiff to seek medical attention.

15      16. On September 1, 2006, Plaintiff visited Dr. WILLIAM SHALEN, M.D., at

16   Kaiser Permanente's Richmond medical facility, complaining of chronic fatigue. Plaintiff

17   was evaluated and some blood work was done. Plaintiff had been instructed by BILL

18   NICHOLS to get something in writing from his doctor assuring that he could perform

19   certain tasks safely. Plaintiff made a very strong effort to get the document requested, but

20   could return with nothing more than a standard form stating he could return to work

21   without specific restrictions. The District permitted Plaintiff to return to work the

22   following week, in accordance with the release Plaintiff acquired at the time.

DAVID L. AXELROD, Attorney at Law
31 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4270

9

1    17.    With regard to Plaintiff's office visit of September 1, 2006, on or about

2    September 6, 2006, Dr. WILLIAM SHALEN, M.D., drafted a letter directed to the

3    District, by and through BILL NICHOLS, Plaintiff's immediate supervisor, indicating that

4    there were still some additional tests that needed to be done to ascertain the reason for

5    Plaintiff's condition of falling unconscious or "dozing off" at work.

6    18.    On September 21, 2006, another incident of Plaintiff dozing off at work

7    occurred. Plaintiff had spent a long day blasting dirt and rocks out of a culvert with a fire

8    hose from District Fire Dept. engine 5686. Plaintiff returned to the park office covered in

9    mud. Plaintiff removed his wet and muddied clothing and showered. Feeling too tired to

10    drive the engine back to its station, Plaintiff sat in a chair to rest. Plaintiff dozed off again.

11    This was not something Plaintiff did willfully or deliberately.

12    19.    On September 27, 2006, Plaintiff met with BILL NICHOLS and acting

13    Shoreline Unit Manager JOHN HITCHEN. This meeting was supposed to be a

14    Departmental Review per the Union-District contract with regard to the letters of

15    reprimand issued on August 30, 2006. Plaintiff telephoned BILL NICHOLS prior to the

16    start of the meeting to inform him that DAVID KALAHELE, Plaintiff's union steward

17    had called in sick that day and could not be present to represent Plaintiff at the meeting.

18    BILL NICHOLS asked Plaintiff to come to the meeting anyway. Plaintiff complied.

19    20.    At the meeting BILL NICHOLS and JOHN HITCHEN presented

20    Plaintiff with a letter of a proposed 5-day suspension for the September 21 dozing

21    incident. Plaintiff made it clear to both District representatives at this meeting that all of

22    the dozing incidents were involuntary physical reactions to a medical condition and did not

23    10

DAVID L. AXELROD, Attorney at Law
P.1 No. Wentworth Street, Suite B
Lennox, CA 90370
(909) 632-6270

24



1    amount to conduct for which he should be subject to discipline. Plaintiff offered to submit

2    to a fitness for duty exam. Plaintiff also indicated that he was scheduled to be seen in the

3    Pulmonary Dept. of Kaiser Richmond for a sleep study. Plaintiff further indicated that he

4    was in a depressive state due to concern over the failing health of his elderly mother.

5        21.    The Departmental Review with respect to the August 30, 2006 letters of

6    reprimand, to which Plaintiff was entitled per his contract rights, did not occur. Both of

7    said letters invited Plaintiff to request a Departmental Review. Nearly a month after the

8    issuance of the letters, Plaintiff still had not been granted the Departmental Review.

9        22.    On October 2, 2006 Plaintiff was seen in the Pulmonary Dept. of Kaiser

10   Richmond for a sleep study. On October 5, 2006 the results of the study were interpreted

11   and Plaintiff was positively diagnosed with sleep apnea.

12

13       23.    On October 25, 2006, BILL NICHOLS imposed the 5-day suspension on

14   Plaintiff to be effective the following day. Plaintiff attempted to explain that a Skelly

15   Hearing had not been held because BILL NICHOLS had been away on vacation. Plaintiff

16   also explained that his Union steward had arranged for an extension on the time limit for

17   holding the hearing with acting Unit Manager JOHN HITCHEN. At the instruction of

18   Human Resources Manager SUSAN GONZALES, BILL NICHOLS imposed the

19   suspension effective October 26, 2006.

20       24.    On October 26, 2006, Plaintiff's steward JOSEPH MILLER contacted

21   SUSAN GONZALES. She indicated that JOHN HITCHEN claimed that he knew nothing

22   of the case.   At that point, JOSEPH MILLER read verbatim the memo that JOHN

23                                    11

24

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Santa II
Sonora, CA 95470
(209) 533-4270

1    HITCHEN had signed agreeing to the extension. Subsequently, Plaintiff was phoned by

2    BILL NICHOLS and permitted to return to work the next day.

3        25.    On November 2, 2006, a Skelly Hearing was held with respect to the

4    proposed 5-day suspension. Still, there had been no Departmental Review held for the

5    letters of reprimand issued on August 30, 2006. Acting Chief of Park Operations LAURA

6    COMSTOCK and acting Unit Manager JOHN HITCHEN represented the District.

7    Plaintiff was represented by steward JOSEPH MILLER and acting Chief Steward JIM

8    SAMUELS.

9        26.    Plaintiff's representatives raised concern that Plaintiff's due process rights

10    pursuant to the Union-District contract were being violated since he had never been

11    granted a Departmental Review for the letters of reprimand issued back in August.

12        27    Plaintiff notified LAURA COMSTOCK and JOHN HITCHEN that he

13    had been positively diagnosed with sleep apnea, and that none of the incidents of him

14    dozing off at work were deliberate acts of misconduct for which he should be subject to

15    discipline. Plaintiff offered to submit to a fitness for duty exam by a physician of the

16    District's choosing. The District never responded to Plaintiff's offer.

17        28.    On November 21, 2006, DR. WILLIAM SHALEN issued a letter to the

18    District indicating that he had evaluated Plaintiff with regard to his condition of chronic

19    fatigue. He indicated in the letter that Plaintiff had tested positive for sleep apnea, and was

20    being treated with anti-depressants and medication to assist with sleep. He also indicated

21    that the medical issues he cited in the letter were directly attributable to the instances of

22    Plaintiff's falling asleep at work.

23

24

DAVID AXELROD, Attorney at Law
81 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4270

12

Case 3:08-cv-02827-SI    Document 1    Filed 06/06/2008    Page 15 of 31

29. On or about December 28, 2006, JOSEPH MILLER contacted Shoreline Unit Manager MARK RAGATZ to finally schedule a Departmental Review for the letters of reprimand dated August 30, 2006. MARK RAGATZ notified JOSEPH MILLER that the meeting would be held on January 4, 2007 MARK RAGATZ never indicated to JOSEPH MILLER that the request for a Departmental Review of the letters of reprimand was being denied.

30. On January 4, 2007, Plaintiff and JOSEPH MILLER met with Chief of Park Operations JACK KENNEY, Shoreline Unit Manager MARK RAGATZ, and park supervisor BILL NICHOLS. The meeting was supposed to be a Departmental Review for the letters of reprimand issued on August 30, 2007. JACK KENNEY opened the meeting by declaring it a 2nd Step Grievance Hearing.

31. Pursuant to Article 11.1 of the Union-District contract, an employee is entitled to a Departmental Review to attempt to seek resolution to grievances prior to undergoing the formal grievance procedure outlined in Article 11.2

32. Pursuant to Article 11.2(c), an aggrieved employee may file a grievance which is heard at 1st, 2nd, and 3rd Steps respectively. By declaring the meeting of January 4, 2007 to be a 2nd Step hearing, JACK KENNEY was depriving Plaintiff to a Departmental Review, as well as a 1st Step hearing.

33. During the meeting of January 4, JACK KENNEY agreed to provide any documents and evidence concerning the allegations made in the reprimands (including complainant contact information), so that the Union could conduct its own investigation. Also during the meeting, Plaintiff reiterated that he was suffering from a medical condition

13

1    and that he shouldn't be getting disciplined. Plaintiff notified JACK KENNEY, MARK

2    RAGATZ, and BILL NICHOLS that he had been positively diagnosed with sleep apnea.

3         34.    On January 18, 2007, JACK KENNEY issued a response to what he'd

4    called the 2nd Step Grievance. Both grievances were denied. No supporting documentation

5    or evidence was ever provided.

6         35.    On February 2, 2007, on behalf of the District, MARK RAGATZ sent the

7    Plaintiff home from work on administrative leave, based on an alleged complaint about

8    Plaintiff's driving that reportedly occurred on or about February 1, 2007.

9         36.    On February 3, 2007, the proposed 5-day Suspension for which Plaintiff

10   had only been granted a Skelly Hearing was imposed. No 3rd Step Hearing, with respect

11   to Plaintiff's contract rights, was ever granted.

12        37.    On March 6, 2007, the 1st Step Grievance Hearing for the letters of

13   reprimand issued on August 30, 2006 was finally granted. This hearing followed the

14   meeting of January 4, 2007, which was supposed to be a Departmental Review, but was

15   proclaimed to be a 2nd Step Hearing by JACK KENNEY.

16        38    On March 6, 2007, MARK RAGATZ issued his response to the hearing

17   that had occurred that same day. At the hearing, Plaintiff and JOSEPH MILLER

18   presented new evidence about a witness to a discussion that occurred with respect to a

19   driving complaint cited in the August 30, 2006 letter of reprimand. MARK RAGATZ

20   indicated in the meeting that he would investigate the information about the witness.

21   Plaintiff and JOSEPH MILLER felt certain that MARK RAGATZ couldn't possibly have

22   had time to look into the new witness information, although he assured them that he

23                                      14

24

DAVID AXELROD, Attorney at Law
91 Nu Washington Street, Suite B
Lassen, CA 96130
(530) 514-4279

1    would. The Plaintiff's Grievance to both letters of reprimand was denied. Plaintiff invoked

2    a medical reason (sleep apnea) for the sleeping incidents. The District had previously been

3    made aware that Plaintiff had been diagnosed with this condition.

4    39. On March 12, 2007, the 3rd Step Hearing for the two letters of reprimand

5    issued on August 30, 2006 was finally held before District Counsel TED RADOSEVICH.

6    Plaintiff provided TED RADOSEVICH with two letters from DR. WILLIAM SHALEN.

7    A letter dated November 21, 2006 notices the District of Plaintiff's medical diagnoses, and

8    indicates that the sleeping incidents which occurred were directly attributable to Plaintiff's

9    medical condition.

10    40. On March 14, 2007, a 3rd Step Hearing for the 5-day suspension

11    (September 21, 2006 dozing incident) was held. The suspension had already been imposed

12    prior to the hearing. At this hearing Plaintiff submitted a letter to TED RADOSEVICH

13    formally requesting accommodation for his medical condition. The grievance was denied

14    and the discipline upheld.

15    41. On March 15, 2007, MARK RAGATZ issued a letter terminating

16    Plaintiff's employment with the District effective March 23, 2007.

17    42. The District used a statement in support of Plaintiff's termination that

18    was submitted by park supervisor NIGEL HAROLD. Plaintiff had worked under NIGEL

19    HAROLD at Plaintiff's previously-assigned work location: Middle Harbor Shoreline Park.

20    43. Beginning in 2004, up to Plaintiff's transfer from Middle Harbor

21    Shoreline to Martinez Shoreline in April 2005, the District was made aware of Plaintiff's

22

23    15

DAVID L AXELROD, Attorney at Law
81 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533 4270

24    10576661.tif - 5/5/2008 3:14:01 PM

1    assertion that NIGEL HAROLD had been targeting him unfairly for discipline, and
2    treating him abusively.

3         44.   Plaintiff submitted written notification to Shoreline Unit Manager DEE
4    TILSON in April 2004 describing an incident in which NIGEL HAROLD was abusive in
5    language and tone toward Plaintiff. NIGEL HAROLD, who is physically much bigger than
6    Plaintiff, postured in Plaintiff's personal space in a physically threatening way. This was
7    reported to DEE TILSON.

8         45.   NIGEL HAROLD also made several demeaning and insulting remarks to
9    Plaintiff with regard to Plaintiff's Italian ancestry. On one occasion, NIGEL HAROLD
10   said in regard to Plaintiff "That's all we need is the Italian from Ohio . . Eh, Tony!" He
11   made other demeaning and insensitive remarks with respect to Plaintiff's Italian national
12   origin in Plaintiff's presence, and directed toward Plaintiff.

13        46.   Plaintiff provided the District with another letter from DR. WILLIAM
14   SHALEN dated April 9, 2007 stating that Plaintiff's medical condition of sleep apnea
15   could impact Plaintiff's ability to operate a motor vehicle. This letter was submitted by
16   hand to JACK KENNEY on or about August 1, 2007

17        47.   On August 1, 2007, in a letter addressed to MARK RAGATZ, Plaintiff
18   requested a reasonable accommodation of the District with respect to his medical
19   condition. Plaintiff asked to be given limited or no driving assignments. District Human
20   Resources Manager SUSAN GONZALES denied Plaintiff's request in writing.

21        48.   Subsequently, on or about August 9, 2007, Plaintiff was terminated from
22   employment with the District.

16

DAVID L AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95470
(209) 533-4270

10576661.tif - 5/5/2008 3:14:01 PM

49.    On or about August 20, 2007, Plaintiff timely submitted a Charge of
Discrimination against the District on the basis of upon disability, and discrimination based
upon ethnicity, national origin and ancestry, to the California Department of Fair
Employment and Housing (hereinafter referred to as "DFEH") and to the United States
Equal Employment Opportunity Commission (hereinafter referred to as "EEOC").

50. On or about December 11, 2007, Plaintiff received a "RIGHT-TO-SUE
NOTICE" from the DFEH. On or about February 5, 2008, Plaintiff received a "NOTICE
OF RIGHT TO SUE" from the U.S. Department of Justice with regard to EEOC Charge
No. 37A200708308, and within 90 days thereafter, herein files his complaint

#### – FIRST CAUSE OF ACTION –

#### I. DISCRIMINATION BASED ON DISABILITY.

1.    Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by
reference, all facts and conclusions set forth in the foregoing and other paragraphs of this
Complaint, including all causes of action attached thereto, as though fully set forth herein.

2.    During and at all times relevant hereto, the Defendant, EAST BAY
REGIONAL PARK DISTRICT (EBRPD), hereinafter referred to as the "District" or
"EBRPD," owned, operated, controlled, maintained, managed, and administered
multiple park and recreational facilities in and around the East Bay region of the San
Francisco Bay Area of central Northern California, specifically including, without
limitation, Martinez Shoreline Regional Park, in or near Martinez, Contra Costa County,
California.

3.    During and at all times relevant hereto, from the date of his initial hiring,

17

DAVID L. AXELROD, Attorney at Law
81 No. Washington Street, Seattle II
Seattle, LA 95370

10576680.tif - 5/5/2008 3:09:01 PM

1    on or about July 12, 1986, until his discharge from employment, on or about on or about

2    March 23, 2007, the Plaintiff (hereinafter referred to simply as the "Plaintiff") worked as

3    responsible employee of the Defendant District, largely in the capacity of a park ranger

4    and fire fighter.

5        4.   In his last assignment, at Martinez Shoreline Regional Park, in or near

6    Martinez, Contra Costa County, California, the Plaintiff reported directly to his

7    immediate supervisor, BILL NICHOLS, Park Supervisor.

8        5.   Plaintiff was so employed pursuant to a contract of employment, as

9    expressed, implied, formed and accepted by the District, as the employer, and the

10    Plaintiff, directly and through his union, AFSCME Local No 2428, and as confirmed by

11    and through writings, memoranda, verbal statements, conduct, and subsequent events.

12        6.   By the time of Plaintiff's assignment to Martinez Shoreline Regional

13    Park, as a result of certain symptoms and infirmities expressed and experienced both on

14    and off the job, Plaintiff become aware of and sought examination and treatment for

15    certain physical, mental, and medical disabilities, including but not limited to a medical

16    condition later positively diagnosed as "sleep apnea."

17        7.   The Defendants, and each of them, including the Defendant District, by

18    and through its responsible officers, agents and employees, received both actual and

19    constructive notice, by means of both written and verbal disclosures, and were otherwise

20    made aware, of Plaintiff's physical, mental, and medical disabilities and of the nature,

21    circumstances, and potential consequences of said disabilities.

22        8.   The Defendants District failed and refused to reasonably accommodate

23                      18

DAVID L. AXELROD, Attorney at Law
51 No. Washington Street, Suite B
Sonora, CA 95370

24        10576660.tif - 5/5/2008 3:09:01 PM

1    Plaintiff's medical disabilities when written notice of Plaintiff's disability was first

2    conveyed to the District, on or about September 6, 2006, or at any time thereafter.

3        9.    The Defendant District actively discriminated and retaliated against the

4    Plaintiff, based upon Plaintiff's physical, mental and medical disabilities, on or about

5    September 6, 2006, and continuously thereafter.

6        10.    The Defendant District, acting by and through Park Supervisor BILL

7    NICHOLS and other responsible District officers, agents, and employees, discriminated

8    and retaliated against Plaintiff by means of offensive, insulting, derogatory and

9    humiliating adverse personnel actions, including but not limited to reprimands,

10    suspensions, disciplinary proceedings, a "Last Chance Agreement," and other punitive

11    measures, as more particularly set forth above, leading up to and including Plaintiff's

12    final, involuntary and wrongful, termination of gainful employment for the District, on or

13    about March 23, 2007.

14        11.    As additional acts of discrimination, retaliation and harassment, the

15    Defendant District, by creating and maintaining an intolerably hostile workplace

16    environment, brought about an insufferable situation that led to the inevitable wrongful

17    termination of the Plaintiff, in violation of public policy, in breach of contract, and in

18    breach of the implied covenant of good faith and fair dealing.

19        12.    Said acts of discrimination and retaliation on the part of the Defendants

20    Dostroc based upon the disability, medical condition, and worker injury suffered by the

21    Plaintiff, plainly and facially violated the Unruh Civil Rights Act, California Civil Code

22    §51, et seq.; Labor Code §132a, et seq.; the Americans with Disabilities Act of 1990,

23    19

24

DAVID L. AXELROD, Attorney at Law
81 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4270

10576660.tif - 5/5/2008 3:09:01 PM




1    Title 42 U.S.C. §12101, et seq.; and other pertinent provisions of applicable State and
2    Federal law.

3           13.  Said acts of discrimination and harassment on the part of the Defendant
4    District were willful, malicious, oppressive, retaliatory, and violative of public policy.

5           14.  The employer Defendant District has failed and refused to cure, remedy,
6    or mitigate its own offensive and discriminatory misconduct and harassment and that of
7    its officer and employee, Park Supervisor BILL NICHOLS.

8           15.  The employer Defendants, and each of them, have failed and refused to
9    cure, remedy, or mitigate the Employer's own unfounded adverse personnel action
10   against the Plaintiff or his wrongful termination from employment, nor has the District
11   provided Plaintiff any protection therefrom, administrative review thereof, or reasonable
12   accommodation or compensation therefor

13          16.  With respect to their relevant acts and omissions, the responsible
14   District officers, agents and employees, including but not limited to Park Supervisor
15   BILL NICHOLS, acted at all relevant times as agents of and on behalf of the District.

16          17.  The Defendant District, as employer of each of them, is legally
17   responsible and liable for each of the relevant acts and omissions of its own responsible
18   District officers, agents and employees, including but not limited to Park Supervisor
19   BILL NICHOLS, in view and by virtue of the legal and equitable doctrine of *respondiat
     superior*, as well as for its own relevant acts and omissions.
20
21          18.  The facts and causes of action herein alleged apply generally to the
     named Defendant District, as well as any and all DOE defendants.
22

23                                      20

24
DAVID L. AXELROD, Attorney at Law
81 No. Washington Street, Suite B
Sonoma, CA 95476
email lacd (42-70)

– <u>SECOND CAUSE OF ACTION</u> –

## II. <u>DISCRIMINATION BASED ON ETHNICITY.</u>

1.  Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by reference, all facts and conclusions set forth in the foregoing and other paragraphs of this Complaint, including all causes of action attached thereto, as though fully set forth herein.

2.  During the Defendant District's unfounded disciplinary proceedings and adverse personnel actions directed against the Plaintiff at Martinez Regional Shoreline during the years 2006 and 2007, the District revived, recycled, exploited and utilized certain negative information arising from Plaintiff's employment for the District while assigned to Middle Harbor Regional Shoreline, Oakland, California, including but not limited to a certain derogatory statement defaming the Plaintiff's character and specifically in support of Plaintiff's termination that was submitted by Park Supervisor NIGEL HAROLD, who had served as Plaintiff's immediate supervisor while Plaintiff was assigned to Middle Harbor Regional Shoreline.

3.  Beginning in 2004, and up to Plaintiff's transfer from Middle Harbor Shoreline to Martinez Shoreline in April 2005, the Plaintiff had made the District of Plaintiff's the fact that Park Supervisor NIGEL HAROLD had unfairly targeted Plaintiff for discipline, punishment, and abusive and degrading treatment, based in whole or in part on the Plaintiff's Italian ancestry, national origin, and ethnicity.

4   Plaintiff submitted written notification to Shoreline Unit Manager DEE TILSON in April  2004 describing an incident in which Park Supervisor NIGEL

DAVID L. AXELROD, Attorney at Law
11 No. Washington Street, Suite D
Sonoma, CA 95476

10576660.tif - 5/5/2008 3:08:01 PM

1    HAROLD used ethnically offensive and abusive language and tone toward Plaintiff, and

2    that NIGEL HAROLD, who is physically much bigger than Plaintiff, postured in Plaintiff's

3    personal space in a physically threatening way.

4         5.  Park Supervisor NIGEL HAROLD had made several demeaning and

5    insulting remarks to Plaintiff with in specific connection to Plaintiff's Italian ancestry.  On

6    one occasion, NIGEL HAROLD said in regard to the Plaintiff, "That's all we need is the

7    Italian from Ohio . . . Eh, Tony!"

8         6.  Park Supervisor NIGEL HAROLD had made several other degrading and

9    insensitive remarks with respect to Plaintiff's Italian ancestry, national origin, and ethnicity

10   in Plaintiff's presence, directed toward and tending to demean the Plaintiff

11        7.  The Defendant District revived and utilized the prior antagonistic treatment

12   of Park Supervisor NIGEL HAROLD toward the Plaintiff, based upon ethnic bias and

13   prejudice, in directing and upholding further adverse personnel actions and punitive

14   measures against Plaintiff, while employed at Martinez Regional Shoreline during 2006

15   and 2007, including reprimand, suspension and the so-called "Last Chance Agreement,

16   resulting in Plaintiff's ultimate termination from gainful employment for the District.

17        8.  In so doing, the Defendant District discriminated and retaliated against

18   the Plaintiff, in whole or in part, based upon his Italian ancestry, heritage, national origin,

19   and ethnicity, in clear and facial violation of the United States Constitution, Fourteenth

20   (14th) Amendment; Civil Rights Act of 1964; the Unruh Civil Rights Act, California Civil

21   Code §51, et seq.; and other pertinent provisions of applicable State and Federal law.

22        9.  Said acts of discrimination and harassment on the part of the

DAVID AXELROD, Attorney at Law
81 No. Washington Street, Suite II
Sonora, CA  95470

10576660.tif - 5/5/2008 3:09:01 PM

1    Defendants, and each of them, were willful, malicious, oppressive, retaliatory, and

2    violative of pertinent public policy.

3        10. The employer Defendant District has failed and refused to cure, remedy,

4    or mitigate its own offensive and discriminatory misconduct and harassment and that of

5    its officer and employee, Park Supervisor NIGEL HAROLD.

6        11. The employer Defendant District has failed and refused to cure,

7    remedy, or mitigate the Employer's own unfounded adverse personnel action against the

8    Plaintiff or his wrongful termination from employment, nor has the District provided

9    Plaintiff any protection therefrom, administrative review thereof, or reasonable

10   accommodation or compensation therefor.

11       12. With respect to their relevant acts and omissions, the responsible

12   District officers, agents and employees, including but not limited to Park Supervisors

13   NIGEL HAROLD and BILL NICHOLS, who acted at all relevant times as agents of

14   and on behalf of the Defendant District

15       13. With respect to their relevant acts and omissions, the Defendant District,

16   together with its responsible officers, agents and employees, acted willfully, maliciously,

17   and oppressively in so doing, wherefore, the District is legally liable to the Plaintiff.

18       14. The Defendant District, as employer of each of them, is legally

19   responsible and liable for each of the relevant acts and omissions of its own responsible

20   District officers, agents and employees, including but not limited to Park Supervisors

21   NIGEL HAROLD and BILL NICHOLS, in view and by virtue of the legal and equitable

22   doctrine of *respondiat superior*, as well as for its own relevant acts and omissions.

23                                23

24

1    15. The facts and causes of action herein alleged apply generally to the

2    named Defendant District, as well as any and all DOE defendants.

3    – THIRD CAUSE OF ACTION –

4    III. HARASSMENT AND RETALIATION.

5    1. Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by

6    reference, all facts and conclusions set forth in the foregoing and other paragraphs of this

7    Complaint, including all causes of action attached thereto, as it though fully set forth

8    herein.

9    2. In view of the totality of the facts and circumstances stated above, the

10   Defendant District is legally responsible and liable for creating and maintaining a hostile

11   environment of the work place

12   3. In view of the totality of the facts and circumstances stated above, the

13   Defendant District is legally responsible and liable for harassment against the Plaintiff.

14   4. In view of the totality of the facts and circumstances stated above, the

15   Defendant District is legally responsible and liable for retaliation against the Plaintiff

16   5 The employer Defendant District has failed and refused to cure, remedy,

17   or mitigate its own offensive and discriminatory misconduct and harassment and that of

18   its responsible officers and employees, including but not limited to the specific Park

19   Supervisors and other officers and employees noted above.

20   6 The employer Defendant has failed and refused to cure, remedy, or

21   mitigate the harassment and retaliation perpetrated against the Plaintiff.

22   7. With respect to their relevant acts and omissions, the responsible

23                                24

24                                - 10576660.tif - 5/5/2008 2:03:01 PM

DAVID L. AXELROD, Attorney at Law
81 No. Washington Street, Suite B
Sonora, CA 95370

1   District officers, agents and employees, including but not limited to Park Supervisors

2   NIGEL HAROLD and BILL NICHOLS, who acted at all relevant times as agents of

3   and on behalf of the Defendant District

4       8.    With respect to their relevant acts and omissions, the Defendant District,

5   together with its responsible officers, agents and employees, acted willfully, maliciously,

6   and oppressively in so doing, wherefore, the District is legally liable to the Plaintiff.

7       9.    The Defendant District, as employer of each of them, is legally

8   responsible and liable for each of the relevant acts and omissions of its own responsible

9   District officers, agents and employees, including but not limited to Park Supervisors

10  NIGEL HAROLD and BILL NICHOLS, in view and by virtue of the legal and equitable

11  doctrine of *respondiat superior*, as well as for its own relevant acts and omissions.

12      10. The facts and causes of action herein alleged apply generally to the

13  named Defendant District, as well as any and all DOE defendants.

14                  **– FOURTH CAUSE OF ACTION –**

15         **IV. WRONGFUL TERMINATION AGAINST PUBLIC POLICY.**

16      1    Plaintiff GABE DEI FRE specifically alleges, and hereby incorporates by

17  reference, all facts and conclusions set forth in the foregoing and other paragraphs of this

18  Complaint, including all causes of action attached thereto, as though fully set forth herein.

19      2.    In view of the totality of the facts and circumstances stated above, the

20  Defendant District is legally responsible and liable for wrongfully terminating the

21  Plaintiff based upon ethnic bias, disability discrimination, retaliation, and prejudice, and

22  therefore against public policy.

23                    25

24

1

2       ## – FIFTH CAUSE OF ACTION –

3       ## IV. DENIAL OF ADMINISTRATIVE DUE PROCESS.

        1.  Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by

4   reference, all facts and conclusions set forth in the foregoing and other paragraphs of this

5   Complaint, including all causes of action attached thereto, as though fully set forth herein.

6       2.  In view of the totality of the facts and circumstances stated above, the

7   Defendant District is legally responsible and liable for abridging Plaintiff's contractual

8   and civil rights by denying him administrative due process, pursuant to the applicable

9   grievance procedures, or any other appropriate and meaningful administrative review.

10      ## – SIXTH CAUSE OF ACTION –

11      ## IV. BREACH OF EMPLOYMENT CONTRACT.

12      1.  Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by

13  reference, all facts and conclusions set forth in the foregoing and other paragraphs of this

14  Complaint, including all causes of action attached thereto, as though fully set forth herein.

15      2.  In view of the totality of the facts and circumstances stated above, the

16  Defendant District is legally responsible and liable for breaching its employment contract

17  with the Plaintiff, including the contractual rights that inured to the Plaintiff by and

18  through the union-management memorandum of understanding negotiated by and

19  through Plaintiff's bargaining agent, AFSCME Local No. 2428.

20      3.  In view of the totality of the facts and circumstances stated above, the

21  Defendant District is legally responsible and liable for breaching its employment contract

22  with the Plaintiff, including the contractual rights that inured to the Plaintiff by virtue of

23                                      26

24

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370

10576660.tif - 5/5/2008 3:09:01 PM



his de facto contract with the District, his expressed or implied contractual rights, and those assurances and promises made by the District and upon which the Plaintiff placed reasonable expectations backed by his continued labors in good faith.

### – SEVENTH CAUSE OF ACTION –

### IV. BREACH OF SETTLEMENT AGREEMENT.

1. Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by reference, all facts and conclusions set forth in the foregoing and other paragraphs of this Complaint, including all causes of action attached thereto, as though fully set forth herein.

2. In view of the totality of the facts and circumstances stated above, the Defendant District is legally responsible and liable for breaching its so-called "Last Chance Agreement" with the Plaintiff.

3. In view of the totality of the facts and circumstances stated above, the Defendant District is legally responsible and liable for terminating the so-called "Last Chance Agreement" without good or just cause, and wrongfully terminating Plaintiff.

### – EIGHTH CAUSE OF ACTION –

### IV. GENERAL NEGLIGENC.

1. Plaintiff GABE DELFRE specifically alleges, and hereby incorporates by reference, all facts and conclusions set forth in the foregoing and other paragraphs of this Complaint, including all causes of action attached thereto, as though fully set forth herein

2. In view of the totality of the facts and circumstances stated above, the Defendant District is legally responsible and liable for negligent hiring, instruction, training, supervision, monitoring, and control of its responsible officers, agents and

DAVID L. AXELROD, Attorney at Law
31 No. Washington Street, Suite B
Sonora, CA 95370

10576660.tiff - 5/5/2008 3:09:01 PM



1    employees, proximately causing the damages and losses alleged above.

2

3                              **PRAYER FOR RELIEF**

4              WHEREFORE, THE PLAINTIFF, GABE DELERE, respectfully prays for

5    the following:

6              1.    Past and future wages lost;

7              2.    Past and future benefits lost, including, but not limited to, lost vacation,

8    lost bonuses, lost sick leave, lost medical benefits, and other like employee benefits;

9              3.    Past and continuing emotional distress, mental anguish, pain and suffering,

10                   humiliation, and enjoyment of life;

11             4.    Legal expenses and costs of court; and

12             5.    Such further and additional relief as the Court may deem just, reasonable

13   and proper.

14

15

16

17

18

19

20

21

22

23                                                    DAVID L. AXELROD, Attorney at Law
                                                      81 No Washington Street, Suite B
                                                      Sonora, CA 95370

24                                          28

1

## CERTIFICATE OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF MARIN**

3

4

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is One Blackfield Drive, No. 403, Tiburon, CA 94920. On June 6, 2008, I served the following document(s) by the method indicated below:

5

6

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**

7

8

by transmitting **via facsimile** on this date from fax number (415) 380-8868 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error.

9

10

11

by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

12

13

by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below.

14

by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

15

16

X   By placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

17

18

David L. Axelrod
Sierra Law Office of David L. Axelrod

19

91 No. Washington Street, Suite B
Sonora, CA 95370

20

Fax: 209/533-4270

21

22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 6, 2008 at Tiburon, California.

23

24

Linda A. Tripoli

25

26

27

28

---

Notice of Removal of Action
Case No.